Labauve, J.
The plaintiffs sue the defendants as lessees of a plantation, for §6,666 66, balance due for rent. A writ of provisional seizure was granted, and the sheriff, on the 10th of October, 1864, seized all the movable property attached to said plantation, all the fruits produced, gathered and ungathered, the mules, horses, cattle, and other animals, carts, etc., belonging to the plantation, the furniture and movable effects in the houses.
The plaintiffs, having obtained judgment, took out an execution, and the sheriff seized the property provisionally seized, and, after advertisements, sold the same on the 31st December, 1864, and made his return on the 20th March, 1865, by which he shows that the debts, expenses, costs
alleged to be privileged, and paid by him, amounted to...... $4,682 96
And the proceeds of sales.................................. 3,801 60
Balance in favor of sheriff.................................. $881 36
On the 17th April, 1865, A. Robert, of counsel for plaintiffs, suggested to the Court that J. Landry, sheriff, has seized and sold in. this case, movable property to the amount of $3,801 60, to satisfy the judgment herein of $6,666 66, exclusive of interest and costs, next to the laborers’ claim, amounting to $1,750 06, which has been paid, leaving a balance in his hands of $2,050 54; and, upon further suggesting to the Court that demand had been made for said balance, the sheriff refused to pay.
It was ordered by the Court that the said sheriff show cause why the above balance should not bo paid to plaintiffs or their attorney.
The Court gave the following decision :
1 ‘ In the within rule, after hearing the parties, the Court considers that the sheriff was correct in all his charges, except the two charges for notices of sale, and the charges for services of citations, petitions, writ of provisional seizure, Jiei-i facias, notice of trial, notice of judgment, mileage, ferry, etc., which were ordered to be reduced to tariff charge or fee bill.
“Rendered in open Court, April 22d, 1865.
(Signed) R. Beauvais, Judge.”
The plaintiffs took this appeal.
The plaintiffs, as lessors, had the first privilege on the movables and effects seized arid sold, except on the crops, on which the laborers and overseer had a preference. C. C. Arts. 2675, 3226. The éheriff took upon himself to pay the laborers $1,751 06, and to the overseer $990; when it is shown that the proceeds were even insufficient to pay the laborers ; having exhausted all the proceeds of the crop without paying the overseer, he had no right to take the proceeds destined- for trie plaintiffs, to pay the overseer; he must bear the consequences and suffer the loss. It is true that, upon the account of the overseer for §990, the District Judge seems to have given an exparle explanation, authorizing, its payment, in the following form :
“ The within bill has a privilege equal to that of the laborers. I cannot conceive that there can be a difference between the privilege of the white and black laborer ; this man’s claim is, and must be, included in my judgment ordering the payment of the laborers. R. Beauvais,
Judge Fourth Judicial District.
“St. James Parish, Jan. 20th, 1865.”
*114 But, as it is observed above, the sheriff used all the proceeds of the ’ crop in paying the laborers. This account is therefore rejected.
The following charges paid by the shorift', for certain expenses, provisions and others, incurred-whilst the property was under seizure in the hands of the sheriff, are considered as costs in the suit and properly paid by the sheriff, besides the amount paid the laborers :
Paid Thomas Conway, superintendent of the bureau for conscripts, on
the plantation........................................... §26 65
Paid Homan & Olivier, for supplies............................ 597 45
Paid Poohe for gathering pecans.............................. 35 00
Paid F. Genre for rivets for corn mill......................... 8 00
Paid for supplies............................................ 102 75
Add amount paid laborers, and admitted by the plaintiffs...... 1751 06
Total allowed absolutely..................................§2520 71
Total amount of sale made by the sheriff...'................... 3801 (¡0
Deduet the above amount allowed absolutely.................. 2520 71
Balance in the hands of the sheriff, §1280 89
subject to be reduced by the fees of the clerk and sheriff, to be shown and exhibited by fee bills, made as prescribed and authorized by law. B. K. p. 124, H 2, 5 and 6.
The sheriff has failed to annex to liis return specific fee bills of his fees and those of the clerk, as required by law, and, in the absence thereof, we cannot decide.whether the large fees charged by said officers are correct oi” not; and the case, upon the rule, must be remanded, to determine-the just and legal amounts due said sheriff and the clerk for their fees. '
[t is therefor&.brdered and decreed, that the judgment of the District Court be annulled-and avoided ; that the amount of §990, charged by the-sheriff as paid to the overseer, be rejected ; that the case upon the rule be remanded,-, to-ascertain the just fees of the sheriff and the clerk, and, when fixed, the same shall be credited to the sheriff upon the balance bi $1,280 89, now in ,bis hands, according to the statement above, and the remainder .tOjbe.paid to the plaintiffs. It is further ordered and decreed,'! that the sheriff, pay the costs of this appeal.